UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**FIRST SECURITY BANK,**
**AS TRUSTEE**                                                                              **PLAINTIFF**

VS.                                    CIVIL ACTION NO: 3:10-cv-00240-DPJ-FKB

**O&G LEASING, LLC,**
**PERFORMANCE DRILLING**
**COMPANY, LLC, SAJAC O&G INVESTORS, LLC,**
**OCTANE FUNDING, LLC,**
**AND OCTANE FUNDING II, LLC**                                    **DEFENDANTS**

---

### EMERGENCY MOTION FOR
### IMMEDIATE APPOINTMENT OF RECEIVER
### FOR O&G LEASING, LLC AND PERFORMANCE DRILLING COMPANY, LLC

---

Plaintiff, First Security Bank, as Trustee of that certain Amended and Restated Trust Indenture Dated September 15, 2009 ("Amended and Restated Trust Indenture"), by and through counsel files its verified motion for an order appointing Bob Boyett of Madison, Mississippi, as receiver for O&G Leasing, LLC ("O&G") and Performance Drilling Company, LLC ("Performance Drilling"). Trustee requests that the order of appointment vest Mr. Boyett with such power and authority generally exercisable by receivers under the laws of the State of Mississippi including, but not limited to, the power and authority to take immediate custody, control and possession of the books and records of O&G and Performance Drilling, their property and businesses, to operate O&G and Performance Drilling, to marshal and account to this Court for the assets so administered, and

to preserve and protect such assets so administered, pending further order of this Court. In support of its motion, the Trustee would state as follows:

1. On April 27, 2010, Trustee commenced an action in this Court against O&G, Performance Drilling and others for a judgment for the amounts due on debentures, for a judicial foreclosure on the assets of O&G and Performance Drilling, for appointment of receiver and for other relief.

2. Defendant O&G is the owner of five drilling rigs. O&G leases these rigs to its wholly owned operating subsidiary, defendant Performance Drilling. Performance Drilling contracts with third parties to drill oil and gas wells with O&G's drilling rigs. O&G financed its purchase of the drilling rigs through a series of debenture issues described herein. O&G and Performance Drilling have defaulted in the payments due pursuant to the various agreements executed by O&G and Performance Drilling in connection with the issuance of the debentures.

3. Pursuant to the Amended and Restated Trust Indenture between O&G, as issuer, and Trustee, O&G issued $25,955,000 in 10.5% Senior Series 2009A Debentures ("2009 A Debentures") and $7,610,000 in 16% Subordinated Series 2009 B Debentures ("2009 B Debentures") (hereinafter referred to collectively as the "Debentures") for the purpose of refinancing and consolidating a series of existing debentures issued by O&G. A true and correct copy of the Amended and Restated Trust Indenture is attached to the Complaint as Exhibit "A" and is also incorporated herein by reference.

4. Previously, O&G had issued a series of three separate debentures pursuant to which it financed the purchase of certain Drilling Equipment as defined in the Amended and Restated Trust Indenture. The Trustee was also the indenture trustee on these prior issues.

5. The prior debenture issues consisted of the following (collectively the "Prior

Debentures"):

> (1) $5,800,000, 9.25% Debenture Series 2007A and $1,515,000, 15% Subordinated Debenture Series 2007B to purchase Rig No. 3;
>
> (2) $17,600,000, 10% Debenture Series 2008A and $4,400,000, 15% Subordinated Debenture Series 2008B to purchase Rig Nos. 28 and 22; and
>
> (3) $5,670,000, 10.5% Debenture Series 2008C and $2,500,000, 16% Subordinated Debentures Series 2008D to purchase Rig No. 14. (O&G also granted the Trustee a second lien on Rig No. 48.)

6. The Prior Debentures were issued pursuant to trust indentures between the Trustee and O&G which were in substantially the same form as the Amended and Restated Trust Indenture. The Amended and Restated Trust Indenture is a consolidation of the previous debentures. This later issue was intended to allow O&G and Performance Drilling to simplify their capital and debt structure to better assure satisfaction of the indebtedness. Under the Amended and Restated Trust Indenture, the Prior Debentures were exchanged for the Debentures executed by O&G and Performance Drilling.

7. Pursuant to the Debentures, O&G and Performance Drilling unconditionally agreed to pay the Debenture holders the full sum of $33,565,000.00. Under Section 9.03 of the Amended and Restated Trust Indenture, upon default and at the direction of the Debenture holders, the Trustee is authorized to collect the amounts due on the Debentures.

8. Payment of the Debentures was secured by a security interest in all of the assets of O&G and Performance Drilling. These assets include, but are not limited to, all "Drilling Equipment" which is defined as Rig No. 3 Drilling Equipment, Rig No. 14 Drilling Equipment, Rig No. 22 Drilling Equipment, Rig No. 28 Drilling Equipment and Rig No. 48 Drilling Equipment. The

Trustee possesses a first lien security interest on all such Drilling Equipment except for Rig No. 48, as to which the Trustee possesses a second lien.

9. The Debentures were further secured by a first lien on all Gross Pledgable Revenue, defined under the Amended and Restated Trust Indenture as all Drilling Equipment Revenue and all other revenue or income derived by O&G subordinate only to revenue from Rig No. 48.

10. Pursuant to the Amended and Restated Trust Indenture, all Gross Pledgable Revenue was to be deposited into a revenue account styled "O&G Leasing, LLC Revenue Fund." This account was subject to a deposit control agreement executed by O&G and a depository institution.

11. On September 15, 2009, O&G as Issuer, Iberia Bank as Agent, and Trustee entered into a Deposit Account Control Agreement ("Deposit Control Agreement") pursuant to which O&G granted Trustee a security interest in the O&G Leasing, LLC Revenue Fund. A true and correct copy of the Deposit Control Agreement is attached to the Complaint as Exhibit "B" and is also incorporated herein by reference.

12. On September 15, 2009, O&G and Performance Drilling executed an Assignment of Drilling Contracts, Leases, Rents, Revenue and Pledge and Security Agreement pursuant to which Performance Drilling and O&G each unconditionally assigned, pledged and granted a security interest to the Trustee in all of their assets, including the Drilling Equipment, all rents, revenue and contracts of any kind ("Assignment of Drilling Contracts"). A true and correct copy of the Assignment of Drilling Contracts is attached to the Complaint as Exhibit "C" and also is incorporated herein by reference.

13. The Debentures were further secured by a Membership Interest Pledge Agreement dated September 15, 2009, executed by SAJAC, the owner of 100% of the outstanding membership

4

interests in O&G. Pursuant to this Agreement, SAJAC pledged its membership interests in O&G and O&G's membership interest in Performance Drilling to the Trustee ("Membership Pledge"). A true and correct copy of the Membership Pledge is attached to the Complaint as Exhibit "D" and is also incorporated herein by reference.

14. Trustee's security interests in all of O&G and Performance Drilling's assets, including but not limited to the Drilling Equipment, the Gross Pledgable Revenues, the Deposit Control Agreement and the Membership Pledge, were perfected by filing UCC-1 financing statements which are collectively attached to the Complaint as Exhibit "E" and also is incorporated herein by reference.

15. Pursuant to Section 2.04 of the Amended and Restated Trust Indenture, O&G was obligated to make its first payment into the Debenture Fund in the amount "equal to the interest coming due March 15, 2010." O&G failed to make the payment. In fact, O&G made no payment whatsoever under the Amended and Restated Trust Indenture.

16. Pursuant to the Amended and Restated Trust Indenture, O&G was further required to deposit all Gross Pledgable Revenues into the O&G Leasing, LLC Revenue Fund at Iberia Bank. O&G failed to do so.

17. O&G has further breached other covenants under the Amended and Restated Trust Indenture including, but not limited to, (i) the failure to provide the Trustee with access to O&G's books and records, (ii) the failure to provide the end of quarter financial statements that were due on April 30, 2010, (iii) the failure to prevent liens from being filed on the assets of O&G and Performance Drilling by Octane Funding, LLC and Octane Funding II, LLC, affiliated companies of O&G and Performance Drilling, and (iv) payment of Drilling Equipment Revenue to affiliated

5

companies to the detriment of the Debenture owners.

18. Because of Events of Default pursuant to Sections 9.01 (a), (c) and (d) of the Amended and Restated Trust Indenture, the Trustee has been directed by the holders of at least 25% of all Debentures to exercise the Trustee's rights upon default including, but not limited to, the institution of this proceeding.

19. Pursuant to Section 9.02 of the Amended and Restated Trust Indenture, at the direction of at least 25% of the holders of the outstanding Debentures, the Trustee accelerated the sums due on the Debentures. A true and correct copy of the Notice of Acceleration is attached to the Complaint as Exhibit "F" and is also incorporated herein by reference.

20. O&G and Performance Drilling continuing to operate the drilling rigs that are subject to the Trustee's first priority security interest; they are using the revenue generated from the drilling rigs for purposes other than those allowed by the Amended and Restated Trust Indenture and they are not remitting the drilling rig revenue to the bank account as required under the Amended and Restated Trust Indenture. The Trustee faces an immediate danger of loss due to the insolvency of O&G and Performance Drilling and the misconduct of O&G and Performance Drilling.

21. Pursuant to Section 9.05 of the Amended and Restated Trust Indenture, the Trustee is entitled to appointment of a receiver upon the occurrence of an Event of Default and the filing of an action to enforce the Trustee's rights under such Indenture.

22. Appointment of a receiver is appropriate under these facts pursuant to Mississippi Code Annotated §§ 11-5-151 through 11-5-167 and Federal Rule of Civil Procedure 66 to preserve the status quo of property and business of O&G and Performance Drilling and to otherwise perform the duties of a receiver.

23. Mississippi courts have held that in order to obtain the appointment of a receiver, the plaintiff must show:

> [e]ither that he has a clear right to the property itself, or that he has some lien upon it or that the property constitutes a special fund to which he has a right to resort to the satisfaction of his claim, or secondly, that possession of the property by defendant was obtained by fraud, or that the property itself or the income arising from it is in danger of loss from neglect, waste, misconduct or insolvency of defendant.

*Clark v. Fleming*, 130 Miss. 504, 94 So. 458 (1923).

24. In this proceeding, Trustee is entitled to the appointment of a receiver over property and business of O&G and Performance Drilling because (i) Trustee has a first priority perfected lien against all of the property of O&G and Performance Drilling, subject only to the prior perfected lien of Washington State Bank on Rig No. 48; (ii) the property of O&G and Performance Drilling is at risk due to the insolvency of O&G and Performance Drilling and their misconduct in paying large sums to affiliated entities in violation of the Amended and Restated Trust Indenture; (iii) discontinuing the traditional operation of the business of O&G and Performance Drilling is necessary to preserve the remaining value in the property including any contracts for drilling services that may be in place; and (iv) the Amended and Restated Trust Indenture authorized the appointment of a receiver upon the default on the payment of the Debentures by O&G and Performance Drilling.

25. The Trustee requests that Bob Boyett be appointed receiver to operate O&G and Performance Drilling on at least five days notice of this motion served upon O&G and Performance Drilling as authorized by Mississippi Code Annotated § 11-5-153.

26. Mr. Boyett has over forty years experience in the drilling business. A copy of his resume is attached hereto as Exhibit "A" and incorporated herein by reference. Upon appointment

as receiver, Mr. Boyett will post a sufficient bond in an amount to be determined by the Court. The Trustee requests that Mr. Boyett be compensated at the hourly rate of $250 to be paid monthly until the receivership is dissolved. The Trustee further requests Mr. Boyett be authorized to retain Griffin & Griffin Exploration, Inc. as a consultant to be paid at the rate of $250 per hour and be entitled to receive compensation as administrative priority, or any other consultants that the receiver deems necessary and appropriate.

WHEREFORE, premises considered, First Security Bank as Trustee respectfully requests that Bob Boyett be immediately appointed receiver of O&G and Performance Drilling.

Dated this 13th day of May, 2010.

                                      **Respectfully submitted,**

                                      **FIRST SECURITY BANK, AS TRUSTEE**

**By:**    /s/ Jim F. Spencer, Jr.
          PAUL H. STEPHENSON, III (MSB# 7864)
          JIM F. SPENCER, JR.(MSB# 7736)
          C. JOYCE HALL (MSB# 2123)
          Post Office Box 650
          Jackson, Mississippi 39205
          Telephone: (601) 965-1900

          *pstephenson@watkinseager.com*
          *jspencer@watkinseager.com*
          *jhall@watkinseager.com*

          **Its Counsel**

**OF COUNSEL:**

**WATKINS & EAGER PLLC**
**The Emporium Building**
**Suite 300, 400 E. Capitol Street**
**Jackson, Mississippi 39201**
**Telephone: (601) 965-1900**
**Facsimile:   (601) 965-1901**

## CERTIFICATE OF SERVICE

I, Jim F. Spencer, Jr., hereby certify that I have this day caused to be served by electronic mail a true and correct copy of the EMERGENCY MOTION FOR IMMEDIATE APPOINTMENT OF RECEIVER to the following counsel of record:

>Robert L. Holladay, Jr., Esq.
>Young Williams, P.A.
>210 East Capitol Street, Suite 2000
>P. O. Box 23059
>Jackson, MS 39225-3059
>rob.holladay@youngwilliams.com
>
>Douglas C. Noble, Esq.
>McCraney, Montagnet & Quin, PLLC
>602 Steed Rd, Suite 200
>Ridgeland, MS 39157
>dnoble@mmqlaw.com

This 13th day of May 2010.

>/s/ Jim F. Spencer, Jr.
>Jim F. Spencer, Jr.

# ROBERT E. BOYETT
400 Roses Bluff Drive – Madison, Mississippi 39110 – (601) 856-8038
(601) 824-4040 cell

**Professional Experience**

| | | |
|---|---|---|
| 2004 – Present | Griffin & Griffin Exploration, LLC<br>**Drilling Manager** | Jackson, MS |
| 2003 – 2004 | Southeastern Drilling, LLC<br>**President** | Ridgeland, MS |
| 2000 – 2002 | Basin Drilling Company, LLC<br>**Member – Manager** | Ridgeland, MS |
| 1996 – 2000 | Patterson Drilling Company<br>**Sales Consultant** | Kilgore, TX |
| 1993 – 1996 | Robertson On-Shore Drilling Co.<br>**Vice President – General Manager** | Jackson, MS |
| 1985 – 1993 | Mid-South Drilling Company<br>**President** | Jackson, MS |
| 1982 – 1985 | Transcontinental Drilling Co.<br>**Vice President/General Manager** | Jackson, MS |
| 1963 – 1982 | Dresser Industries – Security Bit Division<br>Vice President; Marketing – World wide | Houston, TX |
| 1957 – 1963 | Bethlehem Steel Company<br>**Sales Representative** | Shreveport, LA |

**Education**

| | | |
|---|---|---|
| | Louisiana Tech University<br>Major: Business Administration and Economics<br>1953 to 1957 | Ruston, LA |
| | Texas A & M University<br>Continuing Education<br>1978 | College Station, TX |
| | University of Houston<br>Continuing Education<br>1977 | Houston, TX |

Exhibit A